Scott A. Parsons ♦
Paul A. O'Connor, III ♦*
William R. Lane ♦
Gregory B. Noble ♦

R. Daniel Bausé +
Alexandra Loprete +
Robert A. Ballard, III +
Meredith Mona +

+ Admitted in NJ & NY
*Admitted in NJ & PA
♦ Certified By The Supreme Court of
  New Jersey as a Civil Trial Attorney

Gerald B. O'Connor
(1942 – 2015)

*of Counsel*
William V. Lane
Debra D. Tedesco

# O'CONNOR, PARSONS, LANE & NOBLE, LLC

ATTORNEYS AT LAW

959 South Springfield Avenue, 2nd Floor, Springfield, NJ 07081
Tel: 908-928-9200 • Fax: 908-928-9232
Tel: 800-586-5817

February 3, 2022

**Filed Electronically**
United States District Court – District of New Jersey
Martin Luther King Jr. Federal Building and U.S. Courthouse
50 Walnut St.
Newark, New Jersey 07101
Attn: Office of the Clerk

    Re:   **Estate of Donville Campbell v. Birinder Kaur, M.D., et al.**
           **Civil Action No.: 2:21-cv-20761-WJM-ESK**
           **State Court Docket No.: BER-L-7744-21**

Dear Sir/Madam:

      This firm represents Plaintiff in the above referenced medical and nursing malpractice matter. Plaintiff respectfully requests a conference with the Court to address the return dates of the recently filed motions by Plaintiff and Defendants. Below is a brief summary of the issue.

      Defendants removed this medical malpractice case to federal court, and then filed a Motion to Dismiss. Plaintiff filed a Motion to Remand this case to state court for lack of subject matter jurisdiction returnable February 22, 2022. Plaintiff subsequently wrote to the Court (via letter dated February 1, 2022) requesting an automatic adjournment of Defendants' Motion to Dismiss to the new return date of March 7, 2022 so that the Motion to Remand determining subject matter jurisdiction could be heard first in order to avoid the court and counsel wasting their time briefing an issue that will be moot should the Court hold there is no subject matter jurisdiction.

      Nevertheless, Defendants Dr. Kaur and Woodcliff Health have submitted letters to the Court seeking to have Plaintiff's Motion to Remand returnable the same day as the Motions to Dismiss; that is, Defendants seek to have both motions returnable on March 7, 2022. Neither Defendant has provided any reason or authority that would support having the Motion to Remand and Motion to Dismiss returnable on the same day.

      As Plaintiff noted in our prior letter, pursuant to Pelino & Lentz, 866 F. Supp. 156

1

(D.N.J. 1994) and <u>Berckman v. United Parcel Service</u>, No. CIV.A. 07-5245 JBS, 2007 WL 4080372 (D.N.J. Nov. 14, 2007) a Motion for Remand should be heard prior to a hearing on a Motion to Dismiss to avoid a federal court from deciding a dispositive motion in a case where it does not have subject matter jurisdiction. The Motion to Dismiss may be deemed moot upon the ruling made in Plaintiff's Motion to Remand if the federal court does not have subject matter jurisdiction.   Concerns of judicial economy and wasting of the court and counsel's time in unnecessary briefing are also justifications for the commonly accepted practice of adjourning dispositive motions to be heard after motions to remand.

Therefore, Plaintiff requests a conference to set return dates and a briefing schedule for these motions. If Plaintiff's Motion to Remand is adjourned pursuant to Defendants' requests to March 7, 2022 then Plaintiff will respectfully request an additional adjournment of Defendants' Motion to Dismiss to March 21, 2022.

Respectfully submitted,

*William R. Lane* /s/
William R. Lane (3293)

Cc:   *all counsel and Courts of record*